# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF NEW YORK

TYLER V. LEWIS,

                        Plaintiff,

    v.                                                  5:18-CV-1128 (MAD/ATB)

NICOLE KYLE, et al.,

                        Defendants.

TYLER V. LEWIS, Plaintiff, pro se

ANDREW T. BAXTER
United States Magistrate Judge

## ORDER and REPORT-RECOMMENDATION

The Clerk has sent to the court for review a complaint brought pursuant to 42 U.S.C. § 1983, filed on July 5, 2017 by pro se plaintiff Tyler V. Lewis. (Dkt. No. 1 ("Compl.")). Plaintiff has also filed an application to proceed in forma pauperis ("IFP"), together with his Inmate Authorization Form.[1] (Dkt. No. 2, 3).

**I.**     **IFP Application**

As to plaintiff's IFP application, the court finds that plaintiff has demonstrated sufficient economic need, and he has filed the appropriate forms. Therefore, plaintiff has met the financial criteria for proceeding IFP.

However, in addition to determining whether plaintiffs meet the financial criteria to proceed IFP, the court must also consider the sufficiency of the allegations set forth in the complaint in light of 28 U.S.C. § 1915, which provides that the court shall dismiss the case at any time if the court determines that the action is (i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks

---

[1] Plaintiff is currently incarcerated.

monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i) -(iii).

In determining whether an action is frivolous, the court must consider whether the complaint lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Dismissal of frivolous actions is appropriate to prevent abuses of court process as well as to discourage the waste of judicial resources. *Neitzke*, 490 U.S. at 327; *Harkins v. Eldridge*, 505 F.2d 802, 804 (8th Cir. 1974). Although the court has a duty to show liberality toward *pro se* litigants, and must use extreme caution in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and has had an opportunity to respond, the court still has a responsibility to determine that a claim is not frivolous before permitting a plaintiff to proceed. *Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (finding that a district court may dismiss a frivolous complaint *sua sponte* even when plaintiff has paid the filing fee).

To survive dismissal for failure to state a claim, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Bell Atl. Corp.*, 550 U.S. at 555).

## II. Complaint

Most of plaintiff's complaint involves facts that led to a state court conviction for

which he is apparently still incarcerated. Plaintiff claims that on December 7, 2009, he was seized without a warrant by defendant Detective Jerry Golden. (Complaint ("Compl.") ¶ IV - Statement of Facts). Plaintiff states that the arrest was based on information from an informant, implicating plaintiff in a December 5, 2009 homicide. Plaintiff claims that he was taken to the Watertown Police department and "illegally arrested" by defendant Golden. Plaintiff claims that defendant District Attorneys Mills, Kyle, and Intschert "withheld material evidence," which appears to consist of an exculpatory statement made by a co-defendant to Detective Stephen Backus on December 6, 2009. (*Id.*) The statement allegedly indicated that plaintiff was on "the other side of town" at a girlfriend's home at the time of the crimes. Plaintiff claims that the co-defendant's statement corroborates what plaintiff told Detective Backus when he questioned plaintiff on December 6, 2009. (*Id.*)

Plaintiff's first cause of action is for illegal seizure without probable cause on December 7, 2009, against defendant Golden, in violation of the Fourth and Fourteenth Amendment. (Compl. ¶ V - Statement of Claims). Plaintiff's second cause of action is for denial of "Equal Protection" and "Due Process" against the three "District Attorneys" for violation of the Sixth and Fourteenth Amendments. This court has interpreted plaintiff's second claim as a claim based on the duty to provide a criminal defendant with exculpatory or impeachment evidence under *Brady v. Maryland*, 373 U.S. 83 (1963).[2] Plaintiff seeks "immediate release and money compensation for the time of his incarceration." (Compl. ¶ VI).

---

[2] The decision in *Brady* was based on the Fourteenth Amendment due process clause, not the Sixth Amendment. 373 U.S. at 86.

**III.     *Heck v. Humphrey*

   **A.     Legal Standards**

Civil lawsuits may not be used to collaterally attack criminal convictions. *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Supreme Court held that a section 1983 action seeking damages is not cognizable if a decision in favor of the plaintiff would necessarily invalidate a criminal conviction unless the conviction or sentence had been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal habeas court. *Id.* at 486-87.

   **B.     Application**

In this case, plaintiff seeks money damages for the alleged constitutional violations. Based on his address, plaintiff is still incarcerated. He does not indicate the status of his conviction in his complaint, and thus, without more, the court would have recommended dismissal based on *Heck*. However, because he is now incarcerated in the Jefferson County Jail, this court sua sponte attempted to determine plaintiff's status. On September 29, 2017, plaintiff's conviction for murder, second degree, attempted robbery, second degree, and conspiracy in the first degree was reversed by the Appellate Division, Fourth Department, and a re-trial ordered. *People v. Lewis*, 153 A.D.3d 1615 (4th Dep't 2017).

Based on the Appellate Division's order, plaintiff raised several issues on appeal. The Appellate Division denied reversal based on the plaintiff's claim of insufficiency of evidence[3] and upon his claim that the verdict was against the weight of the evidence.

---

[3] Reversal was based on failure to preserve the claim in addition to the merits of the plaintiff's allegations. 153 A.D.2d at 1616.

4

*Id.* at 1616. Reversal was granted based upon the violation of the plaintiff's right to counsel during questioning. *Id.* at 1616-18. The court found that his statements in conjunction with that questioning should have been suppressed. *Id.* It is unclear whether the retrial has occurred, but because the plaintiff is incarcerated in a County facility, it is likely that he is awaiting re-trial. The Appellate Division stated that in light of their reversal on the counsel issue, "there is no need to address defendant's remaining contentions." *Id.* at 1617. It is thus, unclear what those "remaining contentions" were.[4]

In this complaint, plaintiff alleges that he was seized "without a warrant" and without "probable cause" by defendant Golden and illegally arrested by the same defendant. Essentially, plaintiff appears to be making a claim of false arrest. Plaintiff does not specifically state that he is seeking damages for the denial of counsel claim that he raised, and upon which he was successful, in the Appellate Division. It is also unclear that defendant Golden was the same detective who interrogated him and who could have been liable for the denial of plaintiff's right to counsel.[5] Plaintiff may not have been aware of how to formulate such a claim. In any event, *Heck* would not bar his claims because of the reversal of his conviction, notwithstanding the retrial order

---

[4] The court did discuss some of plaintiff's other contentions. The court noted that plaintiff had failed to preserve his claim that the conviction was not supported by legally sufficient evidence, but concluded that the claim had no merit. The court also found that the verdict was not against the weight of the evidence. *Id.* at 1616. There is no mention in the Appellate Division decision of either of the claims that plaintiff raises herein. However, because this court does not have the state court materials, there is no way to know whether plaintiff raised these issues in his direct appeal.

[5] The Appellate Division did not name "the detective." 153 A.D.2d at 1616. Plaintiff states that he was interviewed by Detective Backus, who is not a defendant in this action, and who apparently spoke to plaintiff on December 6, 2009, the day before he was arrested.

5

because a finding in plaintiff's favor on the false arrest claim would not affect the retrial in this case. Thus, at this stage of the proceedings, the court will recommend that the case proceed against defendant Golden on the false arrest claims.[6] *Heck* is also no bar to the *Brady* claim itself. However, as discussed below, the plaintiff's *Brady* claim may be dismissed.

## IV. Prosecutorial Immunity

### A. Legal Standards

Prosecutors enjoy absolute immunity from suit under section 1983 in matters associated with their prosecutorial functions, regardless of motivation. *Dory v. Ryan*, 25 F.3d 81, 83 (2d Cir. 1994) (prosecutorial immunity covers virtually all acts associated with the prosecutor's function, including conspiracies to present false evidence); *Bernard v. County of Suffolk*, 356 F.3d 495 (2d Cir. 2004) (absolute immunity shields prosecutors from suit pursuant to section 1983 for their alleged malicious or selective prosecution as well as for any misconduct in the presentation of evidence to the grand jury).

Absolute immunity is defeated only when the prosecutor is engaging in investigative functions. *Bernard v. County of Suffolk*, 356 F.3d at 502-503 (citation omitted). The initiation and pursuit of prosecution, regardless of any alleged illegality, is protected by absolute prosecutorial immunity. *Peay v. Ajello*, 470 F.3d 65, 67-68 (2d Cir. 2006). It has also been held that a prosecutor is entitled to absolute immunity for his or her decision not to prosecute, regardless of the motivation for that decision.

---

[6] By recommending that this claim go forward, this court expresses no opinion on the ultimate merits of the plaintiff's allegations.

*Scloss v. Bouse*, 876 F.2d 287, 292 (2d Cir. 1989).

    **B.    Application**

As the complaint is currently written, plaintiff seems to allege that the three prosecutors withheld "material evidence." (Compl. ¶ 4 at 4). Plaintiff then alleges that the evidence in question was a statement, indicating that plaintiff was not present at the time that the crime was committed. The handling of evidence is activity associated with the defendant's prosecutorial function. *Van de Kamp v. Goldstein*, 555 U.S. 335 (2009) (holding specifically that prosecutors and their supervisors would be absolutely immune from claims alleging the withholding of *Brady* material). *See also Bellamy v. City of New York*, No. 12 Civ. 1025, 2017 WL 2189528, at *38-39 (E.D.N.Y. May 17, 2017). Plaintiff does not claim that the prosecutors were involved in the investigation of the crime, and plaintiff does not allege that defendant Golden was involved in withholding the evidence, either in the body of the complaint or in the causes of action. In fact, plaintiff specifically separates the arrest claims against defendant Golden from the *Brady* claims against the prosecutors. Thus, to the extent that plaintiff sues defendants Mills, Kyle, and Intschert, his claim may be dismissed with prejudice. The court will recommend that the *Brady* claim itself be dismissed without prejudice in case plaintiff can amend his complaint to assert the claim against individuals who were involved in this incident, and who do not have absolute immunity.

**V.    <u>Release from Confinement</u>**

    **A.    Legal Standards**

Plaintiff may only bring a request for release from confinement in a petition for

habeas corpus pursuant to 28 U.S.C. § 2254. *McFadden v. Pataki*, No. 17-CV-1048, 2017 WL 4350591, at *2 (S.D.N.Y. July 7, 2017) (citing *Wilkinson v. Dotson*, 544 U.S. 74, 78-82 (2005) (citing *Preiser v. Rodriguez*, 411 U.S. 475 (1973) (noting that writ of habeas corpus is sole remedy for prisoner seeking to challenge the fact or duration of his confinement)). Section 2254 requires that the inmate exhaust his state court remedies prior to seeking such relief, and plaintiff may not circumvent this requirement by filing a section 1983 action. *Id.*

### B. Application

Plaintiff also seeks "immediate release." Is clear that he is still incarcerated, and perhaps awaiting retrial as indicated in the Appellate Division decision. To the extent that he is asking for release based upon the complaint as written, the complaint must be dismissed without prejudice because there is no indication that he has exhausted his state court remedies with respect to any claims that he may have regarding his current custody.

## VI. Opportunity to Amend

### A. Legal Standards

Generally, when the court dismisses a pro se complaint *sua sponte*, the court should afford the plaintiff the opportunity to amend at least once; however, leave to re-plead may be denied where any amendment would be futile. *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993). In this case, the court finds that any attempt by the plaintiff to amend some of the claims in this complaint would be futile, but finds that he should be allowed to amend others as discussed herein.

8

**B.     Application**

The claims against all three district attorneys may be dismissed **with prejudice** to the extent that plaintiff challenges any decisions or actions by the district attorneys related to the withholding of "material" or "exculpatory" evidence. However, the *Brady* claim itself may be dismissed without prejudice to allow plaintiff an opportunity to amend his complaint to name a law enforcement defendant who was involved with the alleged withholding of exculpatory evidence and who would not be entitled to absolute immunity. If the court adopts this recommendation, and plaintiff chooses to amend his complaint, any amended complaint must be a complete pleading which contains all plaintiff's viable claims. Any amended complaint must *supercede* the original, and may *not incorporate* facts from the original complaint. In addition, if plaintiff chooses to amend his complaint, he may include additional facts regarding his status and the status of his criminal case.

**WHEREFORE**, based on the findings above, it is

**ORDERED**, that plaintiff's motion to proceed IFP (Dkt. No. 2) is **GRANTED**,[7] and it is

**RECOMMENDED**, that the amended complaint be **DISMISSED IN ITS ENTIRETY WITH PREJUDICE AS AGAINST DEFENDANTS MILLS, KYLE, and INTSCHERT**, and it is

**RECOMMENDED**, that plaintiff's *Brady* claim be **DISMISSED WITHOUT PREJUDICE AS DISCUSSED ABOVE**, and it is

---

[7] Although his IFP application has been granted, plaintiff will still be required to pay fees that he may incur in this action, including copying and/or witness fees.

**RECOMMENDED**, that if the court adopts this recommendation, plaintiff be afforded **Forty-Five (45) Days** to amend his complaint in accordance with the court's findings above, and it is

**RECOMMENDED**, that if the court adopts this recommendation, the false arrest claim proceed against defendant **GOLDEN**, but that service on defendant **Golden** await the District Judge's review of this Recommendation and any amended complaint filed by plaintiff, and it is

**RECOMMENDED**, that if the District Judge approves this Recommendation, the case be sent back to me for further proceedings, including review of any amended complaint and any orders regarding service of the complaint or amended complaint, and it is

**ORDERED**, that the Clerk of the Court serve a copy of this Order and Report-Recommendation on plaintiff by regular mail.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72.

Dated: September 28, 2018

_____
Hon. Andrew T. Baxter
U.S. Magistrate Judge