**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

---

**TYLER VAN LEWIS,**

                             **Plaintiff,**

   vs.                                            **5:18-CV-1128
(MAD/ATB)**

**NICOLE KYLE,** *et al.*,

                             **Defendants.**

---

**APPEARANCES:**                          **OF COUNSEL:**

**TYLER VAN LEWIS**
C14451
Jefferson County Jail
753 Waterman Drive
Watertown, New York 13601
Plaintiff, *pro se*

**Mae A. D'Agostino, U.S. District Judge:**

## DECISION AND ORDER

      Plaintiff commenced this action *pro se* on July 5, 2017. *See* Dkt. No. 1. Plaintiff asserts claims pursuant to 42 U.S.C. § 1983 against district attorneys Nicole Kyle, Cindy F. Intschert, and Kristyna S. Mills (together, the "District Attorneys"), and claims of false arrest against Watertown Police Department detective Jerry D. Golden. *See id*. On September 28, 2018, Magistrate Judge Baxter granted Plaintiff's motion to proceed *in forma pauperis* and reviewed the complaint. *See* Dkt. No. 4. In his review, Magistrate Judge Baxter made the following recommendations: (1) Plaintiff's complaint against the District Attorneys be dismissed in its entirety with prejudice; (2) Plaintiff's *Brady* claim be dismissed without prejudice, with leave to amend within forty-five (45) days; and (3) Plaintiff's false arrest claim proceed against Defendant Golden. *See* Dkt. No. 4. Plaintiff has not filed objections to the Order and Report-Recommendation.

Section 1915(e)(2)(B) directs that, when a plaintiff seeks to proceed *in forma pauperis*, "(2) . . . the court shall dismiss the case at any time if the court determines that – . . . (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). "[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2003) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). The Second Circuit has held that the court is obligated to "make reasonable allowances to protect *pro se* litigants" from inadvertently forfeiting legal rights merely because they lack a legal education. *Id.* (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

Similarly, 28 U.S.C. § 1915A(b) directs a court to review any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and to "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint ... is frivolous, malicious, or fails to state a claim upon which relief may be granted; or ... seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

When reviewing a complaint under section 1915(e), the court may also look to the Federal Rules of Civil Procedure. Rule 8 of the Federal Rules of Civil Procedure provides that a pleading that sets forth a claim for relief shall contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. Proc. 8(a)(2). The purpose of Rule 8 "'is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer [and] prepare an adequate defense.'" *Hudson v. Artuz*, No. 95 CIV. 4768, 1998 WL 832708, *1 (S.D.N.Y. Nov. 30, 1998) (quoting *Powell v. Marine Midland Bank*, 162

F.R.D. 15, 16 (N.D.N.Y. 1995) (quoting *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977))) (other citation omitted).

A court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). Although the court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555, 127 S. Ct. 1955). Thus, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. Proc. 8(a)(2)). A complaint filed by a *pro se* litigant should not be dismissed without granting leave at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir. 1991).

When a party files specific objections to a magistrate judge's report-recommendation, the district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). However, when a party declines to file objections or files "[g]eneral or conclusory objections or objections which merely recite the same arguments [presented] to the magistrate judge," the court reviews those recommendations for clear error. *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846,

3

*1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted); *see also McAllan v. Von Essen*, 517 F. Supp. 2d 672, 679 (S.D.N.Y. 2007). After the appropriate review, "the court may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate [judge]." 28 U.S.C. § 636(b)(1).

Plaintiff has asserted a cause of action arising under the Sixth and Fourteenth Amendments alleging denial of "Equal Protection" and "Due Process" against the District Attorneys. *See* Dkt. No. 1 at 5. Magistrate Baxter interpreted this claim to be based on the duty to provide a criminal defendant with exculpatory or impeachment evidence under *Brady v. Maryland*, 373 U.S. 83 (1963). Prosecutors enjoy absolute immunity under section 1983 in matters associated with their prosecutorial functions, regardless of motivation" and such immunity is defeated only when the prosecutor is engaging in investigative functions. *See Dory v. Ryan*, 25, F.3d 81, 83 (2d Cir. 1994); *Bernard v. County of Suffolk*, 356 F.3d 495, 502-03 (2d Cir. 2004) (citation omitted). Plaintiff does not allege that the prosecutors were engaged in investigative functions. As such, Magistrate Baxter correctly determined that the claim against the District Attorneys should be dismissed with prejudice.

Magistrate Judge Baxter further recommended that since Plaintiff could potentially assert his *Brady* claim against individuals other than the prosecutors, the *Brady* claim itself should be dismissed without prejudice and Plaintiff should be allowed an opportunity to amend his complaint. At the time Magistrate Judge Baxter issued his Order and Report-Recommendation, Plaintiff was still in pretrial detention. On November 16, 2018, however, Plaintiff pled guilty to first-degree manslaughter to avoid retrial that was scheduled to begin later that month. *See* https://www.watertowndailytimes.com/news03/no-retrial-for-lewis-in-manslaughter-case-plea-deal-accepted-20181116. Plaintiff was sentenced on January 31, 2019 to

fifteen years and was returned to DOCCS' custody on February 4, 2019.  *See*

http://nysdoccslookup.doccs.ny.gov/GCA00P00/WIQ3/WINQ130 (last visited Feb. 8, 2019).

Under *Heck v. Humphrey*, 512 U.S. 477 (1994), a claim for damages is "not cognizable under § 1983" if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence."  *Heck*, 512 U.S. at 487.  "*Brady*-based § 1983 claims necessarily imply the invalidity of a challenged conviction in the trial (or plea) in which the *Brady* violation occurred" because "the remedy for a *Brady* violation is vacatur of the judgment of conviction and a new trial."  *Poventud v. City of New York*, 750 F.3d 121, 132-33 (2d Cir. 2014) (en banc) (emphasis omitted).  "Thus, a *Brady* claim is not cognizable under § 1983 unless the challenged conviction has been invalidated."  *Jefferson v. N.Y.C. Police Dept.*, 651 Fed. Appx. 58, 60 (2d Cir. 2016).

Although Plaintiff's original conviction was overturned, he has subsequently pled guilty to a lesser crime and remains incarcerated.  In certain circumstances, the original reversal could permit a *Brady* claim to proceed; this is not such a case.  Specifically, the Second Circuit has held that, to permit such a claim, the following elements must be met: (1) the claim must relate to the original conviction that was reversed and not to any subsequent conviction based on the same conduct; (2) the complaint must sound "in a procedural *Brady*-based claim" and not in malicious prosecution; and (3) the plaintiff cannot seek to collect damages for the time served pursuant to his valid plea agreement.  *See Poventud*, 750 F.3d at 136 (citation omitted).  The allegations in the complaint, although not entirely clear, appear to indicate that Plaintiff's *Brady* claim relates to material that would have been relevant to both convictions.  Specifically, Plaintiff claims that material evidence was withheld, in the form of a co-defendant's statement made to a detective, that corroborated Plaintiff's contention that he "was at a girlfriend's house on the other side of

town" at the time the murder took place. *See* Dkt. No. 1 at 4. Further, since Plaintiff was resentenced to fifteen years incarceration, he has not served any time in prison that he otherwise would not have in the absence of the original conviction. As such, any claim for a *Brady* violation would likely only entitle Plaintiff to nominal damages should he succeed. *See Poventud*, 750 F.3d at 137. Despite these issues, in light of Plaintiff's *pro se* status, the Court agrees with Magistrate Judge Baxter that Plaintiff should be permitted an opportunity to amend his complaint to assert his *Brady* claim.

As to Plaintiff's false arrest claim against Defendant Golden, now that Plaintiff has pled guilty to first degree manslaughter in satisfaction of the charges brought against him, *Heck* precludes the claim. *See McNeill v. People of City and State*, No. 06-cv-4843, 2006 WL 3050867, *2-*3 (E.D.N.Y. Oct. 24, 2006) (holding that *Heck* precluded the plaintiff's claims for false arrest, false imprisonment, and malicious prosecution even though his original conviction for murder in the second degree was vacated where the plaintiff subsequently pled guilty to assault to avoid retrial), *aff'd by summary order*, 242 Fed. Appx. 777 (2d Cir. 2007). Further, when a party has been convicted either at trial or through entry of a guilty plea, it "'conclusively establishes the existence of probable cause, unless the conviction was obtained by fraud, perjury, or other corrupt means.'" *Cameron v. Fogarty*, 806 F.2d 380, 387 (2d Cir. 1986) (quotation omitted).[1] Here, Plaintiff only alleges that Defendant Golden "illegally seized [him] on Defendant 7th, 2009 without probable cause and due process of law." Dkt. No. 1 at 5. As such,

---

[1] The Court notes that some courts have found that the rule set forth in *Cameron* should not apply in situations where the defendant in the underlying criminal action pleads guilty to one or more crimes in satisfaction of other charged unrelated criminal activity. *See Vincent v. Winski*, No. 14-cv-7744, 2018 WL 1441370, *8 (S.D.N.Y. Mar. 22, 2018). The rule has been consistently applied, however, when the plaintiff pled guilty to a lesser charge in satisfaction of the charges stemming from the same alleged false arrest. *See id.* (citing cases).

the Court finds that Plaintiff's November 16, 2018 conviction of first-degree manslaughter now precludes his false arrest claim.

Moreover, even assuming Plaintiff's false arrest claim was not otherwise barred, it would still be subject to dismissal. Generally, a claim of false arrest in violation of the Fourth Amendment accrues when a criminal defendant is bound over by a magistrate or arraigned on charges. *See Wallace v. Kato*, 549 U.S. 384, 389 (2007); *see also Butler v. Hesch*, 286 F. Supp. 3d 337, 354-55 (N.D.N.Y. 2018). Since Plaintiff was arrested in December of 2009, and did not file this action until September 19, 2018, his false arrest claim is clearly untimely under the applicable three-year statute of limitations.

For the reasons stated herein, the Court hereby

**ORDERS** that Magistrate Baxter's Order and Report-Recommendation is **ADOPTED in part** and **REJECTED in part**; and the Court further

**ORDERS** that Plaintiff's false arrest claim against Defendant Golden is dismissed with prejudice; and the Court further

**ORDERS** that Plaintiff's *Brady* claim as against the District Attorneys is dismissed with prejudice; and the Court further

**ORDERS** that Plaintiff's *Brady* claim itself is dismissed with leave to replead; and the Court further

**ORDERS** that Plaintiff may file an amended complaint asserting his *Brady* claim within FORTY-FIVE (45) DAYS of the date of this Order in compliance with the Federal Rules of Civil Procedure and the Local Rules for the United States District Court for the Northern District of New York; and the Court further

**ORDERS** that, if Plaintiff fails to file an amended complaint within FORTY-FIVE (45) DAYS of the date of this Order, the Clerk of the Court shall enter judgment dismissing this action without further order of this Court; and the Court further

**ORDERS** that the portion of the Order and Report-Recommendation is rejected insofar as it recommends that the case proceed against Defendant Golden on the false arrest claim; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Decision and Order on all parties in compliance with the Local Rules.

**IT IS SO ORDERED.**

Dated: February 15, 2019
       Albany, New York

Mae A. D'Agostino
U.S. District Judge