UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

TYLER V. LEWIS,

                            Plaintiff,

    v.                                                            5:18-CV-1128
(MAD/ATB)

NICOLE KYLE, et al.,

                            Defendants.

TYLER V. LEWIS, Plaintiff, pro se

ANDREW T. BAXTER
United States Magistrate Judge

## REPORT-RECOMMENDATION

The Clerk has sent to the court for review an amended complaint brought pursuant to 42 U.S.C. § 1983, filed by plaintiff in accordance with District Judge Mae A. D'Agostino's order, dated February 5, 2019. (Dkt. Nos. 5, 8). Plaintiff's original complaint named three District Attorneys and one Watertown Police Department Detective, Jerry D. Golden. (Dkt. No. 1). Plaintiff's original complaint sought money damages for the alleged constitutional violations in conjunction with his conviction for murder, second degree, attempted robbery, second degree, and conspiracy in the first degree.

**I.**     <u>**Procedural History**</u>

In my initial review of the complaint, I interpreted plaintiff's original complaint as asserting claims for false arrest and for suppression of exculpatory evidence under *Brady v. Maryland*, 373 U.S. 83 (1963). (Dkt. No. 4 at 3). On September 28, 2018, I issued an Order and Report-Recommendation ("ORR"), granting plaintiff's motion to proceed in forma pauperis ("IFP") and recommending that the entire complaint be

dismissed with prejudice as against the three prosecutors based on prosecutorial immunity. At the time that I issued the ORR, plaintiff's conviction had been reversed by the Appellate Division, Fourth Department, and plaintiff was awaiting retrial in accordance with the Appellate Division's order. (Dkt. No. 4 at 4) (citing *People v. Lewis*, 153 A.D.3d 1615 (4th Dep't 2017)). Upon my initial review, I recommended allowing the false arrest claim to go forward as against defendant Golden, and I recommended that the *Brady* claim be dismissed without prejudice to plaintiff amending his complaint. (*See* Dkt. No. 4).

On November 16, 2018, after I issued the ORR, and before Judge D'Agostino issued her order, plaintiff plead guilty to first-degree manslaughter to avoid retrial. (Dkt. No. 5 at 4) (citing https://www.watertowndailytimes.com/news03/no-retrial-for-lewis-in-manslaughter-case-plea-deal-accepted-20181116). On January 31, 2019, as a result of the guilty plea, the plaintiff was sentenced to fifteen years incarceration, and was returned to the custody of the Department of Corrections and Community Supervision ("DOCCS"). (Dkt. No. 5 at 5) (citation omitted). Based upon plaintiff's guilty plea and re-incarceration, Judge D'Agostino dismissed plaintiff's false arrest claim with prejudice. (Dkt. No. 5 at 6-7). Judge D'Agostino also discussed plaintiff's *Brady* claim, finding that because the alleged *Brady* material would have applied to both convictions, it was not the type of *Brady* claim that would survive plaintiff's guilty plea. (Dkt. No. 5 at 5-6). Nevertheless, Judge D'Agostino dismissed the *Brady* claim without prejudice to plaintiff submitting an amended complaint. (*Id.* at 6-7).

## II.   Amended Complaint

On March 1, 2019, plaintiff filed his amended complaint. (Amended Complaint ("AC")) (Dkt. No. 8).  However, instead of amending his *Brady* claim, plaintiff has asserted claims that he did not include in his original complaint.  Plaintiff now claims that defendant Golden violated plaintiff's Fifth and Sixth Amendment rights when he failed to honor plaintiff's request for counsel prior to questioning on December 7, 2009. (AC ¶ 6).  As the result, plaintiff made an incriminating statement which was later used during plaintiff's first criminal trial after the trial court judge denied a motion to suppress. (*Id.* at ¶¶ 6, 7).  The admission of plaintiff's statement was the basis of the subsequent reversal of plaintiff's conviction by the Appellate Division, Fourth Department. *People v. Lewis, supra.*

In the amended complaint, plaintiff states that on December 7, 2009, defendant Golden, who was associated with the Metro Jefferson County Drug Task Force, was conducting an investigation into a December 5, 2009 murder in the City of Watertown. (AC ¶ 6).  Plaintiff states that defendant Golden and other members of the Task Force went to plaintiff's house, and defendant Golden asked plaintiff to go to the Public Safety Building to answer some questions about a shooting that occurred on December 5, 2009. (*Id.*)  Plaintiff states that he told defendant Golden that he would not go to the Public Safety Building without a lawyer or a family member present.  Plaintiff states that he was "then" transported to the Public Safety Building, where he "ultimately" made incriminating statements to defendant Golden without an attorney present. (*Id.*) Plaintiff states that these incriminating statements contributed to his conviction at trial.

3

(*Id.*) With some minor errors and omissions, plaintiff has essentially summarized the Appellate Division's decision, reversing his conviction. *People v. Lewis*, 153 A.D.3d 1615 (4th Dep't 2017).

The amended complaint contains three "causes of action." (AC ¶ 7). Plaintiff claims that defendant Golden violated plaintiff's Fifth Amendment rights when he failed to honor plaintiff's request for counsel on December 7, 2009. (AC ¶ 7 - First Cause of Action). Plaintiff's second cause of action claims that defendant Golden violated plaintiff's Fifth Amendment rights when the incriminating statements were introduced as evidence at plaintiff's 2010 murder trial. (AC ¶ 7 - Second Cause of Action). Finally, plaintiff claims that the Appellate Division, Fourth Department "clearly established" in its September 29, 2017 decision, that plaintiff's Fifth Amendment rights were violated when the court reversed plaintiff's criminal conviction, finding that plaintiff's statements should have been suppressed because plaintiff "asserted [his] right to counsel prior to being taken into custody." (AC ¶ 7 - Third Cause of Action). Plaintiff seeks monetary relief "that was previously requested . . . due to the actions of Detective Jerry Golden on December 7, 2009 . . . ." (AC ¶ 8 - Prayer for Relief). In his prayer for relief, plaintiff also mentions the "Amendment Right to Counsel."[1] (*Id.*)

---

[1] Plaintiff has omitted the number of the amendment.

4

# DISCUSSION

## III. Right to Counsel

### A. Legal Standards

In order to bring a civil rights action under 42 U.S.C. § 1983, the plaintiff must establish that a defendant, who acts under color of state law, has caused the deprivation of a right protected by the federal constitution or laws. 42 U.S.C. § 1983. The Sixth Amendment to the United States Constitution provides that "'[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense.'" *McZorn v. Endicott Police Dep't*, No. 3:06-CV-0033, 2008 WL 163581, at *7-8 (N.D.N.Y. Jan. 16, 2008) (quoting *Texas v. Cobb*, 532 U.S. 162, 167 (2001); U.S. Const. amend VI). A defendant's Sixth Amendment right to counsel attaches "only at or after the time that adversary judicial proceedings have been initiated against him." *Id.* (quoting *Kirby v. Illinois*, 406 U.S. 682, 688 (1972)).

The New York State Constitution also protects a defendant's right to counsel. NY Const, art I, §6. However, in New York, the right to counsel is grounded on the state's constitutional and statutory guarantees of the privilege against self-incrimination, the right to the assistance of counsel and due process of law. *People v. Davis*, 75 N.Y.2d 517, 520-21 (1990) (citing *People v Skinner*, 52 N.Y.2d 24, 28 (1980); *People v Hobson*, 39 N.Y.2d 479, 483 (1976)). The right to counsel in New York State extends well beyond the right to counsel afforded by the Sixth Amendment of the United States Constitution and other state constitutions. *Id.* (citing *People v Velasquez*, 68 N.Y.2d 533, 536 (1986), *and comparing*, *Escobedo v Illinois*, 378 U.S.

478 (1964); *Massiah v United States*, 377 U.S. 201 (1964); 1 LaFave & Israel, Criminal Procedure § 6.4, at 468-469 (collecting cases)).

### B.  Application

Plaintiff apparently believes that he states a claim based upon his success in the Appellate Division, which reversed his criminal conviction based upon the violation of his right to counsel.  However, plaintiff does not state a federal constitutional claim under the Sixth Amendment.  Plaintiff was not charged at the time that he made his ambiguous request for counsel.  The Appellate Division found that plaintiff told defendant Golden that he would not come down to the police station for questioning unless he had an attorney or a family member present.  In his amended complaint plaintiff neglected to mention that defendant Golden asked plaintiff who he would like to accompany him, and plaintiff gave the name of an individual who "he considered to be like a father to him."[2] 153 A.D.2d at 1616.  The police drove plaintiff to the individual's house, and the man agreed to accompany the plaintiff to the police station. *Id*.  At the police station, plaintiff and the man spoke alone for approximately 15 minutes, at the end of which time, plaintiff made an incriminating statement to "the detective." *Id*.  The detective then read plaintiff his *Miranda*[3] rights, which plaintiff waived.  He spoke to the detective for 20 minutes and signed a written statement. *Id*.

While the Appellate Division found that plaintiff's right to counsel was violated because he "asserted his right to counsel," the Sixth Amendment right had not attached,

---

[2] This individual apparently was not an attorney.

[3] *Miranda v. Arizona*, 384 U.S. 436 (1966).

and there was no federal constitutional violation as a result of the defendant's actions. In *Jackson v. Dillon*, 518 F. Supp. 618, 621 (E.D.N.Y. 1981), the court held in a similar situation, that the Sixth Amendment was not implicated when plaintiff made his statements in custody, but "well before judicial proceedings had been initiated." *Id.* In *Jackson*, plaintiff voluntarily went to the police station for questioning about a robbery, but upon questioning, told the interrogating officers that he did not wish to speak with them until he consulted an attorney. The officers and plaintiff then made several unsuccessful attempts to call a Muslim mosque, where Jackson believed he would be able to find counsel. *Id.* at 619. The officers continued to question Jackson notwithstanding his initial request. Jackson ultimately signed a waiver of his constitutional rights and signed a written confession. *Id.* The trial court denied Jackson's motion to suppress, and the Appellate Division affirmed the conviction, but the New York Court of Appeals reversed the trial court's suppression decision, reversing the conviction, and ordering retrial without the tainted evidence. *Id.* at 619-20. Jackson was retried, but was again convicted, notwithstanding suppression of the confession. *Id.* at 620.

Even though the court in *Jackson* dismissed the Sixth Amendment claim, the court also considered the claim in the context of the Fifth and Fourteenth Amendment privilege against self incrimination. *Id.* In analyzing the plaintiff's claim under these two amendments, the court first held that, until an improperly obtained confession is used at a defendant's criminal trial, the privilege preventing self-incrimination has not been violated. *Id.* at 621. In addition, the individuals who allegedly took the

involuntary confession were insulated from liability because plaintiff's right not to have the statement and confession taken was vindicated when the New York Court of Appeals overturned the first conviction, and Jackson's second conviction was obtained without the use of the tainted evidence. *Id.* at 622.  In addition, the court specifically held that

> Even assuming . . . that these defendants were knowingly responsible for the taking of the statements and confession in a manner later determined to render them 'involuntary,' the prosecutor's determination to offer them at the first trial, and the trial judge's decision to admit them in evidence are intervening factors sufficient to preclude a finding that [the two officers] caused the evidence to be used against plaintiff.

*Id.* (citing *Duncan v. Nelson*, 466 F.2d 939, 942-43 (7th Cir. 1972)).

In this case, plaintiff plead guilty to a lesser charge after the reversal of his first conviction.  Thus, the second conviction was obtained without the use of any tainted evidence as if he had gone to trial and was convicted a second time.  In addition, as stated by the court in *Jackson*, even assuming this plaintiff's statements were taken in violation of the Fifth Amendment – a finding that this court does not make – the prosecutor's decision to use the evidence, and the judge's decision to deny the plaintiff's motion to suppress were intervening factors, precluding a finding that Detective Golden's actions caused the evidence to be used against the plaintiff.[4]  Thus,

---

[4] Both the prosecutor and the judge would be entitled to absolute immunity for their actions in this case. *Mireles v. Waco*, 502 U.S. 9, 9-10 (1991) (with minor exceptions, judges are entitled to absolute immunity for actions relating to the exercise of their judicial functions); *Dory v. Ryan*, 25 F.3d 81, 83 (2d Cir. 1994) (prosecutorial immunity covers virtually all acts associated with the prosecutor's function, including conspiracies to present false evidence).  This court dismissed the named prosecutors with prejudice in conjunction with plaintiff's *Brady* claim, based upon prosecutorial immunity in its February 15, 2019 Decision and Order. (Dkt. No. 5 at 7).

to the extent that plaintiff is attempting to bring a Fifth and Fourteenth Amendment claim based on the denial of counsel and the allegedly involuntary statement, the claim would be subject to dismissal.

**WHEREFORE**, based on the findings above it is

**RECOMMENDED**, that plaintiff's Amended Complaint (Dkt. No. 8) be **DISMISSED WITH PREJUDICE.**

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72.

Dated: April 2, 2019

Hon. Andrew T. Baxter
U.S. Magistrate Judge