**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

**TYLER VAN LEWIS,**

                           **Plaintiff,**

  vs.                                                          **5:18-CV-1128**
                                                                    **(MAD/ATB)**

**NICOLE KYLE,** *District Attorney;*
**KRITSYNA S. MILLS,** *District Attorney*; **CINDY F. INTSCHERT,** *District Attorney*; **JERRY D. GOLDEN,** *Watertown Police Detective*,

                           **Defendants.**

---

**APPEARANCES:**                                     **OF COUNSEL:**

**TYLER VAN LEWIS**
11-B-0341
Downstate Correctional Facility
Box F
Fishkill, New York 12524
Plaintiff, *pro se*

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

Plaintiff commenced this action *pro se* on September 19, 2018. *See* Dkt. No. 1. Plaintiff's Complaint asserted claims pursuant to 42 U.S.C. § 1983 against District Attorneys Nicole Kyle, Cindy F. Intschert, and Kristyna S. Mills (together, the "District Attorneys"), and claims of false arrest against Watertown Police Department Detective Jerry D. Golden. *See id*. On February 15, 2019, the Court ordered as follows: (1) Plaintiff's false arrest claim against Defendant Golden be dismissed with prejudice; (2) Plaintiff's *Brady* claim as against the District Attorneys be dismissed without prejudice; and (3) Plaintiff's *Brady* claim be dismissed with leave to replead.

*See* Dkt. No. 5. Plaintiff filed an amended complaint on March 1, 2019, alleging violations of his Fifth and Fourteenth Amendment rights, claiming improper use of an illegally obtained confession. *See* Dkt. No. 8 at 5. In an April 2, 2019 Report-Recommendation, Magistrate Judge Baxter recommended that Plaintiff's amended complaint be dismissed with prejudice. *See* Dkt. No. 11. On April 22, 2019, Plaintiff filed objections to the Report-Recommendation. *See* Dkt. No. 12. Currently before the Court is Magistrate Judge Baxter's Report-Recommendation, recommending the dismissal of Plaintiff's amended complaint and Plaintiff's objections thereto. *See* Dkt. No. 11; Dkt. No. 12.

## II. BACKGROUND

For a complete recitation of the facts, the Court refers the parties to Magistrate Judge Baxter's April 2, 2019 Report-Recommendation. *See* Dkt. No. 11 at 2-3. In his Report-Recommendation, Magistrate Judge Baxter determined that "[w]hile the Appellate Division found that Plaintiff's right to counsel was violated 'because he asserted his right to counsel,' [his] Sixth Amendment right had not attached, and there was no federal constitutional violation as a result of the Defendant's actions." *See id.* at 6-7.

On April 2, 2019, Plaintiff filed two objections to the April 2, 2019 Report-Recommendation. *See* Dkt. No. 12.[1] Plaintiff first objects to Magistrate Judge Baxter's use of *Jackson v. Dillon*, 518 F. Supp. 618 (E.D.N.Y. 1981), in recommending that Plaintiff's amended complaint be dismissed with prejudice. *See id.* at 1. Plaintiff argues that "[t]he case of *Weaver v. Brenner*, 40 F. 3d 527 (2d Cir. 1994) holds to the contrary." *See id.* at 1-2. Plaintiff's second objection is that Magistrate Judge Baxter was incorrect in finding that "a defendant's Sixth

---

[1] Plaintiff's objections are liberally construed by virtue of his status as a *pro se* litigant. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).

Amendment Right to Counsel attaches 'only at or after the time that adversary judicial proceedings have been initiated against him.'" *Id*. at 2-3. Plaintiff contends that "the case of *Edwards v. Arizona*, 415 U.S. 477 (1981) hold[s] to the contrary." *Id*. at 3.

### III. DISCUSSION

**A.    Standard of Review**

When a party files specific objections to a magistrate judge's report-recommendation, the district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). However, when a party files "[g]eneral or conclusory objections or objections which merely recite the same arguments [that he presented] to the magistrate judge," the court reviews those recommendations for clear error. *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted). After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

"[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2007) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (other citations omitted)). In general, a court should not dismiss a *pro se* litigant's complaint without granting leave to amend at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Shomo v. City of New York*, 579 F.3d 176, 183 (2d Cir. 2009) (quotations and citation omitted). In addition, the court should exercise "extreme caution . . . in ordering *sua sponte* dismissal of a *pro se* complaint *before* the adverse party has been served and both parties (but particularly the plaintiff) have had the opportunity to respond." *Anderson v.*

3

*Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983) (emphasis in the original). An opportunity to amend, however, is not required where "the problem with plaintiff's cause of action is substantive such that better pleading will not cure it." *Townsend v. Pep Boys, Manny Moe and Jack,* No. 1:13-CV-293, 2014 WL 4826681, *2 (N.D.N.Y. Sept. 29, 2014) (quoting *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000)) (internal quotations omitted). In other words, "allegations [that] are so vague as to fail to give the defendants adequate notice of the claims against them" are rightfully subject to dismissal. *Sheehy v. Brown*, 335 Fed. Appx. 102, 104 (2d Cir. 2009). Here, Plaintiff objected to two portions of the Report-Recommendation, so the Court reviews Magistrate Judge Baxter's Report-Recommendation *de novo*.

**B.     Right to Counsel Claim**

Section 1983 establishes a civil cause of action for deprivation of rights secured by the Constitution. *See* 42 U.S.C. § 1983. "Every person who, under color of [state law, subjects] . . . any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any right, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured." *Id*. In order to state a claim under Section 1983, a plaintiff must show that: (1) "some person has deprived him of a federal right," and (2) "the person who deprived him of that right acted under the color of state . . . law." *Velez v. Levy*, 401 F.3d 75, 84 (2d Cir. 2005) (quoting *Gomez v. Toledo*, 446 U.S. 635, 640 (1980)). Here, Plaintiff alleges that Defendants, acting under color of state law, violated his Sixth Amendment right to counsel. *See* Dkt. No. 8 at 5.

"The Sixth Amendment to the United States Constitution provides that '[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense.'" *McZorn v. Endicott Police Dep't*, No. 3:06-cv-33, 2008 WL 163581, *8 (N.D.N.Y.

4

2008) (quoting *Texas v. Cobb*, 532 U.S. 162, 167 (2001); U.S. Const. amend VI). "A defendant's Sixth Amendment right to counsel attaches 'only at or after the time that adversary judicial proceedings have been initiated against him.'" *Id*. (quoting *Kirby v. Illinois*, 406 U.S. 682, 688 (1972)).

The New York State Constitution also protects a defendant's right to counsel. N.Y. Const., art. I, § 6. However, in New York State, the right to counsel is grounded in the state's constitutional and statutory guarantees of the privilege against self-incrimination, the right to assistance of counsel, and due process of law. *People v. Davis*, 75 N.Y.2d 517, 520-21 (1990) (citing *People v. Skinner*, 52 N.Y.2d 24, 28 (1980); *People v. Hobson*, 39 N.Y.2d 479, 483 (1976)). The right to counsel in New York State "extends well beyond the right to counsel afforded by the Sixth Amendment of the United States Constitution and numerous other state constitutions." *Id*. (citing *People v. Velazquez*, 68 N.Y.2d 533, 536 (1986)).

Plaintiff asserts two objections to Magistrate Judge Baxter's Report-Recommendation. *See* Dkt. No. 12. First, Plaintiff objects on Fifth and Fourteenth Amendment grounds, largely restating the arguments he made in the amended complaint. *See id*. at 1-2. Second, Plaintiff objects on Sixth Amendment grounds, also largely restating arguments made in Plaintiff's amended complaint. *See id*. at 2-3. Specifically, Plaintiff challenges Magistrate Judge Baxter's finding that "a Sixth Amendment Right to Counsel attaches 'only at or after the time that the adversary judicial proceedings have been initiated against him.'" Dkt. No. 12 at 1-3.

Upon review of Plaintiff's first objection, the Court finds that the Magistrate Judge Baxter correctly relied on *Jackson v. Dillon*, 518 F. Supp. 618 (E.D.N.Y. 1981). There, a civil rights action was filed alleging violation of the plaintiff's constitutional rights in connection with an improperly obtained confession. *See id*. The tainted confession was used to improperly convict

the plaintiff of robbery, but the conviction was subsequently overturned on appeal *See id*. at 619. In a second trial, the plaintiff was again convicted of robbery without use of the improperly obtained confession. *See id*. The district court held that since the plaintiff's "second conviction was obtained without the use of the tainted evidence, [he] cannot seek redress in this civil action for his current incarceration." *Id*. at 622. Similarly, here, Plaintiff "ple[d] guilty to a lesser charge after the reversal of his first conviction. Thus, the second conviction was obtained without the use of any tainted evidence." *See* Dkt. No. 11 at 8.

In his objections, Plaintiff relies on *Weaver v. Brenner*, 40 F.3d 527 (2d Cir. 1994), in which the Second Circuit held that the use of a compelled statement before a grand jury made the declarant a witness against himself and, therefore, violated the declarant's Fifth Amendment rights. *See Weaver*, 40 F.3d at 535. Plaintiff's reliance, however, is misplaced. There is no allegation in the amended complaint that his statement was used against him at any proceeding other than his initial trial. As such, the fact that use of a compelled statement before the grand jury would violate the criminal defendant's Fifth Amendment rights is irrelevant to the matter presently before the Court.

In reviewing Plaintiff's second objection, the Court finds that Magistrate Judge Baxter correctly determined that Plaintiff's Sixth Amendment rights had not attached. *See* Dkt. No. 11 at 6-7. Again, the Court finds that Plaintiff's reliance on *Edwards v. Arizona*, 451 U.S. 477 (1981) is misplaced. *See* Dkt. No. 12 at 3. *Edwards* centered on the appropriate standard regarding a valid waiver of right to counsel after a criminal defendant had previously invoked his right to counsel. *Edwards*, 451 U.S. at 484-85. Here, as Magistrate Judge Baxter correctly notes, Plaintiff pled guilty to a lesser offense after the Appellate Division reversed his first conviction, meaning that the "second conviction was obtained without the use of any tainted evidence as if he had gone to

6

trial and was convicted a second time." Dkt. No. 11 at 8. Moreover, even assuming that Plaintiff's statements were taken in violation of the Fifth Amendment, the prosecutor's decision to use that evidence, and the trial judge's decision to deny Plaintiff's motion to suppress, were intervening factors, precluding a finding that Defendant Golden's actions caused the evidence to be used against Plaintiff. *See Jackson*, 518 F. Supp. at 622. Accordingly, the Court finds that Plaintiff's objections are without merit.

For the foregoing reasons, the Court finds that Magistrate Judge Baxter correctly recommended that Plaintiff's amended complaint be dismissed with prejudice.

### IV. CONCLUSION

After carefully reviewing the record in this matter, Plaintiff's submissions and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Magistrate Judge Baxter's April 2, 2019 Report-Recommendation is **ADOPTED** in its entirety; and the Court further

**ORDERS** that Plaintiff's Amended Complaint (Dkt. No. 8) is **DISMISSED with prejudice**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Defendant's favor and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: August 16, 2019
       Albany, New York

Mae A. D'Agostino
U.S. District Judge